## FANNIE S. DAVIS et al.

*v.*

## EMILY M. HOWARD.

*Opinion filed April 21, 1898.*

1. EVIDENCE—*what not sufficient to overcome notary's acknowledgment.* A deed purporting on its face to be from a husband and wife, and regularly acknowledged, cannot be overcome, after the husband's death, by the wife's testimony that she never signed or executed the deed, and that her husband was very weak, physically and mentally, about the time the deed was dated, and did not sign it unless at a time when he was out of his mind.

2. ADVERSE POSSESSION—*adverse possession must be made out by clear proof.* The rules governing adverse possession are strictly construed, and such possession cannot be made out by inference, but only by clear and positive proof.

3. LIMITATIONS—*possession under executory contract is not adverse to vendor.* Possession of land under an executory contract of purchase is not adverse to the vendor so long as the purchase money is not paid, or until, by the terms of the agreement, the vendee is entitled to demand a conveyance of the legal estate.

4. SAME—*vendee in executory contract cannot dispute the vendor's title until after surrender of possession.* One in possession of land under an executory contract of purchase cannot dispute his vendor's title by setting up a tax deed obtained, after taking possession, by purchasing a certificate of sale for taxes assessed and levied prior thereto, where he remains continuously in possession, without renouncing or changing his claim of right under the contract.

APPEAL from the Circuit Court of Madison county; the Hon. M. W. SHAEFER, Judge, presiding.

LEVI DAVIS, for appellants.

TRAVOUS & WARNOCK, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was a suit in chancery begun in the circuit court of Madison county in 1894, by appellee, against appellants, to remove a cloud from the title to certain real estate. The bill alleges that complainant is the owner in fee and in possession of a tract of land in that county, described by metes and bounds; that she acquired title thereto by tax deed dated January 25, 1873, duly recorded, and that on the date of said deed she went into possession of the premises claiming to be the owner thereof, and has since remained in the open possession thereof under such claim of title, and has paid the taxes on the same ever since that time. It is then alleged that the defendants claim title to the land, setting forth their claim, and averring that the same is a cloud upon her title. The defendants answered, denying the material allegations of the bill and claiming ownership in themselves. The court found the facts substantially as alleged in the bill, and rendered a decree in favor of complainant, as prayed. Defendants prosecute this appeal from that decree.

The decree of the circuit court rests on the theory that complainant has had the actual, open, notorious, exclusive, continuous and adverse possession, under claim of right, for more than twenty years.

The following facts appear from the evidence: In 1871 J. C. Johnson was the owner of the property, subject to two mortgages,—one for $300, referred to as the Long mortgage, and the other for $550, drawing ten per cent interest, called the Barry mortgage. It was then agreed between Johnson and complainant that the latter should

pay off the mortgages and have the property, and she went into possession of the property under that agreement in the year 1871, paying off the Long mortgage. By agreement between her and one J. W. Ash, who was a brother-in-law of her husband, Ash was to pay the Barry mortgage and hold it for complainant, and allow her to pay him at intervals, and she did pay him, pursuant to her understanding of the agreement, between 1871 and 1884, the sum of $668, and she understood the entire debt was paid. Ash, however, did not pay off the Barry mortgage, but procured it to be assigned to Margaret A. E. Ash, his wife. In 1872, complainant, acting under the advice of J. W. Ash, bought an outstanding certificate of a tax sale, and on January 23, 1873, she procured a tax deed to be issued to herself. The taxes under which this deed was executed were assessed and levied prior to complainant's possession or claim of ownership of the land. In 1881 a deed regular on its face, from Joseph C. Johnson and wife to Margaret A. E. Ash, was placed on record. Complainant's bill alleges that this deed was never in fact executed by Johnson and wife, and the allegation is denied by defendants. The only evidence introduced to sustain the allegation of the bill is the deposition of Mrs. Johnson, the husband having died in 1884. She testified that she did not sign or execute that deed, and that her husband was very weak about that time, and, besides, had "lost his head," and she knows "he never signed it unless it was when he had a wild spell." The deed and certificate of acknowledgment are regular upon the face of the instrument, and it is clear the testimony of Mrs. Johnson is insufficient to overcome the officer's certificate of acknowledgment. (*Russell* v. *Baptist Theological Union,* 73 Ill. 337; *Brady* v. *Cole,* 164 id. 116.) Appellants claim ownership of the land by virtue of conveyances or *mesne* conveyances from Ash and wife.

At the close of complainant's testimony the defendants introduced in evidence the Barry mortgage, with an

assignment thereon, for value received, to Margaret A.
E. Ash; also the above mentioned deed from Joseph C.
Johnson and wife to her.

If it be conceded that appellee, from 1873 to 1894,—a
period of more than twenty years,—had the actual, open,
notorious, exclusive and continuous possession of the
premises, can it be said, under the facts proved, that
such possession was hostile or adverse to the holder of
the legal title thereto?  We think not.  The possession
of land under an executory contract of purchase is not
adverse to the vendor so long as the purchase money is
not paid, or until, by the terms of the agreement, the
vendee is entitled to demand a conveyance of the legal
estate. (1 Am. & Eng. Ency. of Law,—2d ed.—799; *Dun-
lap* v. *Daugherty*, 20 Ill. 398; *Timmons* v. *Kidwell*, 138 id. 13;
*Rigor* v. *Frye*, 62 id. 507.) It cannot be seriously contended
that complainant had any hostile possession against
Johnson as long as the Barry mortgage remained unpaid.
It does not appear from the evidence that J. W. Ash ever
agreed or intended to pay off the Barry mortgage and
discharge it from being a lien on the land.  In fact, the
exact contrary was done.  Ash or his wife bought the
mortgage lien and gave complainant the privilege of pay-
ing it at intervals.  The inevitable conclusion is that
complainant recognized Ash or his wife as the owner of
the Barry mortgage from 1874 to 1884.  Hence, until the
Barry mortgage was paid the possession of complainant
could not become adverse.

It was held in *Schneider* v. *Botsch*, 90 Ill. 577, that where
possession is taken under an agreement to purchase, when
the purchaser performs all his obligations such posses-
sion becomes adverse and that it relates back to the entry
under such agreement.  But such is not the case at bar.
Complainant testified that she understood she had paid
the Barry mortgage, making the last payment in 1884.
But her own testimony shows that all the payments made
by her from 1871 to 1884,—about $700,—did not amount

to the interest on the Barry mortgage. It is true she paid off the Long mortgage and paid the taxes on the land; but those acts were not sufficient to entitle her to a conveyance from Johnson, her original vendor, or his grantee. It is also true that Ash accepted payments on the mortgage after their deed from Johnson and wife; but that is perfectly consistent with the right of appellee to have paid off the Barry mortgage and have claimed the property. The bill was drawn so as to state a cause of action under the Statute of Limitations providing for adverse possession under color of title and payment of taxes for seven years. But from complainant's own testimony her original entry in 1871 was made under an agreement with the owner to purchase, and not under any claim of color of title, and that she remained continuously in possession thereafter, without any act on her part renouncing or changing her former claim of right. "A party entering into possession under an agreement to purchase cannot dispute the title of him under whom he enters, until after a surrender of possession." (*Jackson* v. *Speare*, 7 Wend. 401; *Heermans* v. *Schmaltz*, 10 Biss. 335; 1 Am. & Eng. Ency. of Law,—2d ed.—800.) The doctrine of adverse possession is to be construed strictly, and such possession cannot be made out by inference, but only by clear and positive proof. 1 Am. & Eng. Ency. of Law, (2d ed.) 887; *Bryan* v. *City of East St. Louis*, 12 Ill. App. 390; *McClellan* v. *Kellogg*, 17 Ill. 498; *Jackson* v. *Berner*, 48 id. 203; *Hurlbut* v. *Bradford*, 109 id. 397.

It is unnecessary, under the views expressed, to consider the other points raised by counsel.

The decree of the circuit court will be reversed and the cause remanded, with instructions to that court to dismiss the bill.

*Reversed and remanded.*